**Fill in this information to identify the case:**

United States Bankruptcy Court for the:

_____    District of    Delaware_____
                                                (State)

Case number *(If known)*: _____    Chapter ___11___

☐ Check if this is an
   amended filing

Official Form 201

# Voluntary Petition for Non-Individuals Filing for Bankruptcy    12/15

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known).  For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | Cetera Financial Group, Inc. |

| | | |
|---|---|---|
| 2. | **All other names debtor used in the last 8 years**<br><br>Include any assumed names, trade names, and *doing business as* names | Finch Acquisition Corp.<br>Successor by merger to:<br>Cetera Brokers Network LLC<br>ING Brokers Network LLC |

| | | |
|---|---|---|
| 3. | **Debtor's federal Employer Identification Number** (EIN) | 3 0 – 0 5 8 8 6 6 6 |

| | | |
|---|---|---|
| 4. | **Debtor's address** | **Principal place of business** |

**Principal place of business**

200            North Sepulveda Blvd
Number         Street

STE 1200

El Segundo            CA        90245
City                  State     ZIP Code

Los Angeles
County

**Mailing address, if different from principal place of business**

Number            Street

P.O. Box

City               State    ZIP Code

**Location of principal assets, if different from principal place of business**

Number            Street

City               State    ZIP Code

| | | |
|---|---|---|
| 5. | **Debtor's website** (URL) | www.rcscapital.com |

| | | |
|---|---|---|
| 6. | **Type of debtor** | ☒ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP))<br>☐ Partnership (excluding LLP)<br>☐ Other. Specify: _____ |

Debtor    Cetera Financial Group, Inc.                                    Case number *(if known)*_____
          Name

**7.    Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

☒ None of the above

Activities Related to Real Estate

B. *Check all that apply:*

☐ Tax-exempt entity (as described in 26 U.S.C. § 501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. § 80a-3)

☐ Investment advisor (as defined in 15 U.S.C. § 80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes .

5 2 3 9

**8.    Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

☒ Chapter 11.  *Check all that apply:*

☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,490,925 (amount subject to adjustment on 4/01/16 and every 3 years after that).

☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

☒ A plan is being filed with this petition.

☒ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the *Attachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9.    Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**

If more than 2 cases, attach a separate list.

☒ No

☐ Yes.    District _____  When _____  Case number _____
                                              MM / DD / YYY

           District _____  When _____  Case number _____
                                              MM / DD / YYY

Debtor    Cetera Financial Group, Inc.
_____    Case number (if known) _____
            Name

---

**10.**  **Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

List all cases. If more than 1, attach a separate list.

☐ No
☒ Yes.    Debtor    See attached Annex A _____    Relationship    Affiliate _____

District    Delaware _____    When    03/26/2016 _____
                                                              MM / DD / YYY

Case number, if known    _____

---

**11.**  **Why is the case filed in _this district_?**

*Check all that apply:*

☒ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☒ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

---

**12.**  **Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

☒ No
☐ Yes.  Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?**  *(Check all that apply.)*

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
What is the hazard?    _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other    _____

**Where is the property?**    _____
                                          Number        Street

                                          _____
                                          City                                    State        ZIP Code

**Is the property insured?**

☐ No.
☐ Yes.  Insurance agency    _____

Contact name    _____

Phone    _____

---

| Debtor | Cetera Financial Group, Inc. | Case number *(if known)* | |
|---|---|---|---|
| | Name | | |

| | Statistical and administrative information |
|---|---|

| 13. | Debtor's estimation of available funds* | *Check one:* |
|---|---|---|

☒ Funds will be available for distribution to unsecured creditors.

☐ After any administrative expenses are paid, no funds will be available for distribution to unsecured creditors.

| 14. | Estimated number of creditors | ☐ 1-49 | ☐ 1,000-5,000 | ☐ 25,001-50,000 |
|---|---|---|---|---|
| | | ☐ 50-99 | ☐ 5,001-10,000 | ☐ 50,001-100,000 |
| | | ☐ 100-199 | ☐ 10,001-25,000 | ☐ More than 100,000 |
| | | ☒ 200-999 | | |

| 15. | Estimated assets | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☐ $500,000,001-$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☒ $100,000,001-$500 million | ☐ More than $50 billion |

| 16. | Estimated liabilities | ☐ $0-$50,000 | ☐ $1,000,001-$10 million | ☒ $500,000,001-$1 billion |
|---|---|---|---|---|
| | | ☐ $50,001-$100,000 | ☐ $10,000,001-$50 million | ☐ $1,000,000,001-$10 billion |
| | | ☐ $100,001-$500,000 | ☐ $50,000,001-$100 million | ☐ $10,000,000,001-$50 billion |
| | | ☐ $500,001-$1 million | ☐ $100,000,001-$500 million | ☐ More than $50 billion |

| | Request for Relief, Declaration, and Signatures |
|---|---|

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

| 17. | Declaration and signature of authorized representative of debtor | The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition. |
|---|---|---|

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    03/26/2016
                MM / DD / YYYY

x    */s/ Carol Flaton*                              Carol Flaton
     Signature of authorized representative of debtor    Printed name

Title    Chief Restructuring Officer

* Distribution cannot be known at this time.

Debtor    Cetera Financial Group, Inc.                                    Case number *(if known)*  _____
          Name

---

**18.    Signature of attorney**        x    */s/ Robert S. Brady*                          Date  03/26/2016
                                             Signature of attorney for debtor                     MM / DD / YYYY

                                             Robert S. Brady
                                             Printed Name

                                             Young Conaway Stargatt & Taylor, LLP
                                             Firm name

                                             1000 North King Street
                                             Number        Street

                                             Wilmington                          DE          19801
                                             City                                State       Zip Code

                                             (302) 571 - 6600                     rbrady@ycst.com
                                             Contact phone                        Email address

                                             2847                                 DE
                                             Bar number                           State

---

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CETERA FINANCIAL GROUP, INC., <u>et al.</u>, | ) | Case No. 16 - _____ (  ) |
| | ) | |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

**<u>Annex A</u>**

**<u>AFFILIATED ENTITIES</u>**

On the date hereof, each of the affiliated entities listed below (including the Debtor in this chapter 11 case) filed petitions for relief under chapter 11 of title 11 of the United States Code in this Court.  Contemporaneously with the filing of these petitions, these entities filed a motion requesting the Court jointly administer their chapter 11 cases with each other, as well as their affiliated entities currently jointly administered under Case No. 16-10223 (MFW)[1], for procedural purposes only.

1.      Cetera Advisor Networks Insurance Services LLC

2.      Cetera Advisors Insurance Services LLC

3.      Cetera Financial Holdings, Inc.

4.      Cetera Financial Specialists Services LLC

5.      Cetera Insurance Agency LLC

6.      Chargers Acquisition, LLC

---

[1] The debtors that are jointly administered under Case No. 16-10223 are: RCS Capital Corporation (16-10223); American National Stock Transfer, LLC (16-10224); Braves Acquisition, LLC (16-10225); DirectVest, LLC (16-10226); J.P. Turner & Company Capital Management, LLC (16-10227); RCS Advisory Services, LLC (16-10228); RCS Capital Holdings, LLC (16-10229); Realty Capital Securities, LLC (16-10230); SBSI Insurance Agency of Texas, Inc. (16-10231); SK Research, LLC (16-10232); Trupoly, LLC (16-10233); and We R Crowdfunding, LLC (16-10234).

7.      FAS Holdings, Inc.

8.      First Allied Holdings Inc.

9.      ICC Insurance Agency, Inc.

10.     Investors Capital Holdings, LLC

11.     Legend Group Holdings, LLC

12.     SBS Financial Advisors, Inc.

13.     SBS Insurance Agency of Florida, Inc.

14.     SBS of California Insurance Agency, Inc.

15.     Summit Capital Group, Inc.

16.     Summit Financial Services Group, Inc.

17.     Summit Holding Group, Inc.

18.     VSR Group, LLC

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| CETERA FINANCIAL GROUP, INC., <u>et al.</u>, | ) | Case No. 16 - _____ (   ) |
| | ) | |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

<u>**CORPORATE OWNERSHIP STATEMENT**</u>

      In accordance with Rules 1007(a)(1) and 7007.1 of the Federal Rules of Bankruptcy Procedure, Cetera Financial Group, Inc. (the "**Debtor**") states as follows:

- Cetera Financial Group, Inc. is wholly owned by Cetera Financial Holdings, Inc., which is wholly owned by RCS Capital Corporation.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CETERA FINANCIAL GROUP, INC., <u>et al.</u>, | ) | Case No. 16 - _____ (   ) |
| | ) | |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

**<u>DECLARATION CONCERNING CORPORATE OWNERSHIP STATEMENT</u>**

      I, the undersigned officer of Cetera Financial Group, Inc., the company named as the debtor in the above-captioned case, declare under penalty of perjury that I have reviewed the foregoing Corporate Ownership Statement and that the information contained therein is true and correct to the best of my knowledge, information, and belief.

Dated:  March 26, 2016            /s/ *Carol Flaton*_____
                                       Name: Carol Flaton
                                       Title: Chief Restructuring Officer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| CETERA FINANCIAL GROUP, INC., <u>et</u> <u>al.</u>, | Case No. 16 - _____ (   ) |
| Debtors. | Joint Administration Requested |

**LIST OF DEBTOR'S EQUITY SECURITY HOLDERS**
**IN ACCORDANCE WITH BANKRUPTCY RULE 1007**

**Membership Interests**

| Name, Address and Telephone of Equity Holder | Percentage of Shares |
|---|---|
| Cetera Financial Holdings, Inc.<br>200 North Sepulveda Blvd.<br>Ste. 1200<br>El Segundo, CA 90245<br>(646) 861-7717 | 100% |

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CETERA FINANCIAL GROUP, INC., <u>et al.</u>, | ) | Case No. 16 - _____ ( ) |
| | ) | |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

**DECLARATION CONCERNING LIST OF DEBTOR'S EQUITY SECURITY
HOLDERS IN ACCORDANCE WITH BANKRUPTCY RULE 1007**

       I, the undersigned officer of Cetera Financial Group, Inc., the company named as the debtor in the above-captioned case, declare under penalty of perjury that I have reviewed the foregoing List of Debtor's Equity Security Holders and that it is true and correct to the best of my knowledge, information, and belief.

Dated:  March 26, 2016                  */s/ Carol Flaton*_____

                                        Name: Carol Flaton
                                        Title: Chief Restructuring Officer

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| CETERA FINANCIAL GROUP, INC., <u>et al.</u>, | ) | Case No. 16 - _____ (   ) |
| | ) | |
| | ) | Joint Administration Requested |
| Debtors. | ) | |
| | ) | |

**RESOLUTIONS OF THE BOARD OF**
**<u>DIRECTORS OF CETERA FINANCIAL GROUP, INC.</u>**

## RESOLUTIONS OF THE BOARD OF
## DIRECTORS OF CETERA FINANCIAL GROUP, INC.

I, Mark Shelson, being duly elected or appointed as Treasurer of Cetera Financial Group, Inc., a Delaware corporation (the "**Company**"), hereby certifies that at a special meeting of the Board of Directors of the Company (the "**Board of Directors**") duly called and held on January 29, 2016, the following resolutions (collectively, the "**Resolutions**") were adopted in accordance with the requirements of the Delaware General Corporation Law, and that, as of the date hereof, these resolutions have not been amended or rescinded and are now in full force and effect:

WHEREAS, the Board of Directors has reviewed the materials presented by the management and the advisors of RCS Capital Corporation (as sole shareholder of Cetera Financial Holdings, Inc., the sole member of Cetera Financial Group, Inc.) regarding the liabilities and liquidity situation of the Company, the strategic alternatives available to it and the impact of the foregoing on the Company's business; and

WHEREAS, the Board of Directors has had the opportunity to consult with the management and advisors of RCS Capital Corporation and fully consider each of the strategic alternatives available to the Company.

NOW, THEREFORE, the Board of Directors of the Company hereby approves, adopts, and consents to the following resolutions:

I.      Entry into the Support Agreement

RESOLVED, that in the business judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that the Company (i) enter into that certain restructuring support agreement (the "**Support Agreement**") by and among RCS Capital Corporation and certain of its subsidiaries, the consenting lenders party thereto, and Luxor (as defined therein) and (ii) subject to approval of the United States Bankruptcy Court for the District of Delaware (the "**Court**"), enter into the definitive documentation contemplated under the Support Agreement and the exhibits thereto (the "**Definitive Documentation**"); and

RESOLVED, that the officers of the Company and RCS Capital Corporation, including David Orlofsky, Chief Restructuring Officer of RCS Capital Corporation, and each of them singly, acting for and on behalf of the Company (collectively, the "**Authorized Officers**") be, and hereby are, authorized to (i) execute the Support Agreement on behalf of the Company and, (ii) subject to Court approval, execute the Definitive Documentation on behalf of the Company; and

II.     Voluntary Petition Under the Provisions of Chapter 11 of the Bankruptcy Code

RESOLVED, that in the business judgment of the Board of Directors, it is desirable and in the best interests of the Company, its creditors, and other parties in interest that, subject to the completion of solicitation of acceptances of the prepackaged chapter 11 plan of

reorganization contemplated under the Support Agreement (the "**Plan**") and receipt of sufficient votes accepting such Plan by the applicable classes of creditors holding claims under the Company's prepetition secured credit facilities, the Company file or cause to be filed a voluntary petition in the Court seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "**Bankruptcy Code**"), in which the authority to operate as a debtor in possession will be sought, on or before March 31, 2016, such approval to be subject to a later determination by the Board of Directors, after consultation with outside counsel, that the filing of a chapter 11 petition would be inconsistent with the exercise of its fiduciary duties under applicable law; and

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to execute and verify petitions, schedules, lists and other motions, papers or documents to commence the chapter 11 cases, each such document to be filed at such time as the Authorized Officer executing the document shall determine and to be in the form approved by the Authorized Officer executing such document, such approval to be conclusively evidenced by the execution, verification and filing thereof; and

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all further acts and deeds that they deem necessary or proper to obtain relief under chapter 11 of the Bankruptcy Code; and

RESOLVED, that Carol Flaton of Zolfo Cooper Management, LLC is hereby appointed Strategic Director of Finance of the Company; and

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to appoint Carol Flaton or David Orlofsky as Chief Restructuring Officer in connection with any case in which the Company is a debtor under chapter 11 of the Bankruptcy Code; and

RESOLVED, that the Authorized Officers or any one of them be, and each of them hereby is, authorized and directed to retain on behalf of the Company (i) the law firm of Dechert LLP to render legal services to and represent the Company in connection with the chapter 11 filing and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve and subject to approval of the Court, (ii) the law firm of Young Conaway Stargatt & Taylor, LLP, as local Delaware and conflicts counsel, to render legal services to and represent the Company in connection with the chapter 11 filing and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve and subject to approval of the Court, (iii)  Zolfo Cooper Management, LLC to provide financial restructuring advisory services to the Company in connection with the chapter 11 filing and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve and subject to approval of the Court, (iv) Lazard Frères & Co. LLC to render investment banking services to the Company in connection with the chapter 11 filing and any other related matters in connection therewith, on such terms as any Authorized Officer shall approve and subject to approval of the Court, (v) Prime Clerk LLC to render services as chapter 11 administrative advisor and claims and noticing agent, on such terms as any Authorized Officer shall approve and subject to approval of the Court, (vi) PricewaterhouseCoopers LLP to render any services that are necessary and appropriate for the Company, on such terms as any

Authorized Officer shall approve and subject to approval of the Court, and (vii) such other professionals as any Authorized Officer deems necessary and appropriate during the course of the chapter 11 filing; and

RESOLVED, that the Authorized Officers or any one of them be, and each of them hereby is, authorized to engage and retain all assistance by legal counsel, accountants, financial advisors, restructuring advisors, and other professionals (including, without limitation, those professionals specifically named herein) in connection with the Chapter 11 Case, on such terms as such Authorized Officers deem necessary, appropriate, proper or desirable, with a view to the successful prosecution of such case; and

III.    Debtor in Possession Financing

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and directed, to the extent necessary, to cause the Company to obtain and/or guarantee post-petition financing and/or use of cash collateral according to the terms negotiated, or to be negotiated, by the management of RCS Capital Corporation or otherwise approved by the Bankruptcy Court; and the Company is hereby authorized and directed to take all actions necessary in connection therewith, including, without limitation, (i) the incurrence of debtor in possession financing in such amounts and on such terms as the Authorized Officers, or any of them, deem necessary or advisable (the "**DIP Financing**"), (ii) the execution, delivery and performance of: (w) any documents to evidence the DIP Financing, including, without limitation, all credit agreements and notes, (x) personal property (including intellectual property) security agreements, (y) any guarantees of the DIP Financing, and (z) deposit, securities and/or other account control agreements, (iii) the incurrence and payment of fees, (iv) the granting of liens on and/or security interests in any and all assets of the Company, and (v) the authorization of filing and/or recording, as applicable, of financing statements, agreements or any other documents evidencing and/or perfecting such liens or security interests and amendments to such financing statements, agreements, mortgages or other documents (collectively items (i) through (v), the "**DIP Financing Documents**"), in each case substantially in accordance with the DIP Facility Term Sheet (as defined in the Support Agreement); and the Authorized Officers are hereby authorized and directed to execute the DIP Financing Documents and any appropriate agreements, related ancillary documents, supplemental agreements, instruments, amendments, restatements, amendment and restatements, modifications, renewals, replacements, consolidations, substitutions, extensions , bills, notes or certificates on behalf of the Company, which, in each case, shall, in the sole judgment of any Authorized Officer, acting alone or with one or more other Authorized Officers, be necessary, proper or advisable in order to perform the Company's obligations under or in connection with any of the foregoing; provided, however, that any material changes, supplements, amendments or restatements shall be subject to the sole approval of Bradley Scher; and

IV.    Plan and Disclosure Statement

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to sign and authorize the filing with the Court of the Plan and accompanying disclosure statement contemplated under the Support Agreement and take any

and all further acts and deeds that the Authorized Officers deem necessary or proper to obtain confirmation of the Plan by the Bankruptcy Court; and

V.      <u>Further Actions and Prior Actions</u>

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized on behalf of the Company to take any and all actions to execute, deliver, certify, file and/or record and perform any and all documents, agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities or certificates and to take any and all steps deemed by any such Authorized Officer to be necessary or desirable to carry out the purpose and intent of each of the foregoing resolutions; and

RESOLVED, that any and all lawful actions heretofore taken by, or at the direction of, any Authorized Officer or the Board of Directors of the Company in the name and on behalf of the Company in furtherance of the purpose and intent of any or all of the foregoing resolutions be, and hereby are, ratified, confirmed, and approved in all respects.

*[Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned has set his hand hereto this 30<u>th</u>day of January, 2016.

Name: Mark Shelson
Title:    Treasurer

**Fill in this information to identify the case:**

Debtor Name: <u>Cetera Advisor Networks Insurance Services LLC, *et al.*</u>

United States Bankruptcy Court for the: <u>District of Delaware</u>

Case number (if known): _____

• Check if this is an amended filing

## Official Form 204

### Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

**12/15**

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| | Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| | | | | | Total claim, if partially secured | Deduction for value of collateral or setoff | Unsecured claim |
| 1 | HELIOS AND MATHESON ANALYTICS INC. 350 Fifth Avenue Suite 7520 New York, NY 10118 | HELIOS AND MATHESON ANALYTICS INC. Phone: 646-556-6819 Fax: Email: jjudenberg@hmny.com | Service Provider | | | | $852,505.78 |
| 2 | GENPACT INTERNATIONAL INC 42 Old Ridgebury Rd. First Floor Danbury, CT 06810 | GENPACT INTERNATIONAL INC Phone: 844-8609383 Fax: Email: alvaro.ocasio@genpact.com | Service Provider | | | | $727,187.66 |
| 3 | ALBRIDGE SOLUTIONS, INC 1009 Lennox Dr. Suite 204 Lawrenceville, NJ 08648 | ALBRIDGE SOLUTIONS, INC Phone: 609-806-0238 Fax: 609-620-5801 Email: fchimbangu@albridge.com | Service Provider | | | | $618,938.66 |
| 4 | OPTOMI 500 Colonial Center Parkway Suite 140 Roswell, GA 30076 | OPTOMI Phone: 678-250-0820 Fax: Email: courtneystarling@optomi.com | Service Provider | | | | $557,762.70 |
| 5 | ALLIED TESTING LTD 2 PRESPAS STREET, OFFICE 603, 6TH FLOOR AGIOI OMOLOGITIES, NICOSIA CYPRUS | ALLIED TESTING LTD Phone: Fax: +1 718 513 72 99 Email: | Service Provider | | | | $473,013.23 |
| 6 | LIVE OFFICE 2780 Skypark Dr. Suite 300 Torrance, CA 90505 | LIVE OFFICE Phone: 800-251-3863 Fax: 310-539-6812 Email: samuel.deese@veritas.com | Service Provider | | | | $472,024.53 |

01:18491417.2

Debtor    Cetera Advisor Networks Insurance Services LLC, *et al.*    Case number (if known): _____
          Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. |
|---|---|---|---|---|---|
| 7 | RR DONNELLEY FINANCIAL, INC. PO BOX 100112 PASADENA, CA 91189 | RR DONNELLEY FINANCIAL, INC. Phone: Fax: 1.312.326.8001 Email: | Service Provider | | $353,159.94 |
| 8 | BEACON HILL STAFFING GROUP, LLC 152 Bowdoin St Boston, MA 02108 | BEACON HILL STAFFING GROUP, LLC Phone: Fax: 617.227.1220 Email: | Service Provider | | $347,357.12 |
| 9 | VISTA RESOURCE GROUP, LLC 4275 Executive Square Suite 200 La Jolla, CA 92037 | VISTA RESOURCE GROUP, LLC Phone: 858-255-7776 Fax: Email: rbuono@vistaresourcegroup.com; contact@vistaresourcegroup.com | Service Provider | | $278,584.00 |
| 10 | PRICEWATERHOUSECOOPERS 300 Madison Avenue 24th Floor New York, NY 10017 | PRICEWATERHOUSECOOPERS Phone: 646-471-3000 Fax: 813-286-6000 Email: | Service Provider | | $273,000.00 |
| 11 | INCEDO INC 845 Third Ave. Sixth Floor New York, NY 10022 | INCEDO INC Phone: Fax: Email: rena.nigam@incedoinc.com | Service Provider | | $254,265.00 |
| 12 | ROBERT HALF 12400 COLLECTIONS CENTER DRIVE CHICAGO, IL 60693 | ROBERT HALF Phone: Fax: 925-394-5216 Email: | Service Provider | | $247,080.90 |
| 13 | BROADRIDGE FINANCIAL SOLUTIONS, INC PO BOX 416399 BOSTON, MA 02241-6399 | BROADRIDGE FINANCIAL SOLUTIONS, INC Phone: Fax: 302-674-5266 Email: | Service Provider | | $227,317.79 |
| 14 | VINCENTBENJAMIN GROUP, LLC 2325 E. Camelback Rd. Suite 570 Phoenix, AZ 85016 | VINCENTBENJAMIN GROUP, LLC Phone: 602-595-9900 Fax: 866-395-5565 Email: legal@vincentbenjamin.com | Service Provider | | $222,867.51 |
| 15 | POMEROY IT SOLUTIONS SALES COMPANY INC 1020 Petersburg Rd. Hebron, KY 41048 | POMEROY IT SOLUTIONS SALES COMPANY INC Phone: 859-586-0600 Fax: 866-582-2841 Email: toby.muninger@pomeroy.com | Service Provider | | $205,999.60 |
| 16 | RANDSTAD TECHNOLOGIES, LP PO BOX 416692 BOSTON, MA 02241-6692 | RANDSTAD TECHNOLOGIES, LP Phone: Fax: 310-335-0474 Email: | Service Provider | | $198,189.23 |
| 17 | NIIT TECHNOLOGIES, INC 1050 Crown Pointe Parkway Suite 500 Atlanta, GA 30338 | NIIT TECHNOLOGIES, INC Phone: 770-290-6038 Fax: 770-551-9229 Email: nirod.kumar@niit-tech.com | Service Provider | | $195,420.00 |

Debtor    Cetera Advisor Networks Insurance Services LLC, *et al.*    Case number (if known): _____
Name

| | Name of creditor and complete mailing address, including zipcode | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim If the claim is fully unsecured, fill in only unsecured claim amount. If claim is partially secured, fill in total claim amount and deduction for value of collateral or setoff to calculate unsecured claim. | | |
|---|---|---|---|---|---|---|---|
| 18 | ENVESTNET 35 E. Wacker Dr. Suite 2400 Chicago, IL 60601 | ENVESTNET Phone: 312-827-2800 Fax: 312-827-2801 Email: patrick.marr@envestnet.com | Service Provider | | | | $190,000.00 |
| 19 | LOGIN CONSULTING SERVICES INC 300 N. Continental Blvd. El Segundo, CA 90245 | LOGIN CONSULTING SERVICES INC Phone: 310-607-9091 Fax: 310-607-9818 Email: dana.dolin@loginconsult.com | Service Provider | | | | $184,229.00 |
| 20 | WINGET, SPADAFORA & SCHWARTZBERG 45 Broadway New York, NY 10006 | WINGET, SPADAFORA & SCHWARTZBERG Phone: 212-221-6900 Fax: 212-221-6989 Email: | Service Provider | | | | $168,489.97 |

Debtor Name  Cetera Financial Group, Inc.

United States Bankruptcy Court for the:  _____ District of Delaware

Case Number (if known)  _____

Official Form 202

# Declaration Under Penalty of Perjury for Non-Individual Debtors 12/15

An individual who is authorized to act on behalf of a non-individual debtor, such as a corporation or partnership, must sign and submit this form for the schedules of assets and liabilities, any other document that requires a declaration that is not included in the document, and any amendments of those documents. This form must state the individual's position or relationship to the debtor, the identity of the document, and the date. Bankruptcy Rules 1008 and 9011.

WARNING -- Bankruptcy fraud is a serious crime.  Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.  18 U.S.C. §§ 152, 1341, 1519, and 3571.

### Declaration and signature

I am the president, another officer, or an authorized agent of the corporation; a member or an authorized agent of the partnership; or another individual serving as a representative of the debtor in this case.

I have examined the information in the documents checked below and I have a reasonable belief that the information is true and correct:

☐  *Schedule A/B: Assets–Real and Personal Property* (Official Form 206A/B)

☐  *Schedule D: Creditors Who Have Claims Secured by Property* (Official Form 206D)

☐  *Schedule E/F: Creditors Who Have Unsecured Claims* (Official Form 206E/F)

☐  *Schedule G: Executory Contracts and Unexpired Leases* (Official Form 206G)

☐  *Schedule H: Codebtors* (Official Form 206H)

☐  *Summary of Assets and Liabilities for Non-Individuals* (Official Form 206Sum)

☐  Amended *Schedule* ____

■  *Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders* (Official Form 204)

☐  Other document that requires a declaration  _____

I declare under penalty of perjury that the foregoing is true and correct.[1]

Executed on    03/26/2016
_____
MM / DD / YYYY

x  */s/ Carol Flaton*                                                 Carol Flaton
_____          _____
Signature of authorized representative of debtor          Printed name

Title    Chief Restructuring Officer
_____

---

[1]    For the reasons set forth in my declaration in Support of the Chapter 11 Petitions, the Debtors are continuing to review their assets, liabilities and ownership interests.